UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JONATHAN GONZALEZ CASTILLO,

Petitioner,

v.

WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, et. al.,

Respondents.

No. 1:26-cv-02025-DAD-ICD (HC)

FINDINGS AND RECOMMENDATIONS

Petitioner filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement (ICE) and moved for his immediate release. ECF Nos. 1 and 2. The district judge construed the petition as including a request for a temporary restraining order (TRO) and directed further briefing. ECF No. 5. On March 18, 2026, Respondents filed a motion to dismiss all respondents other than petitioner's immediate custodian (ECF No. 6), responded to the petition and opposed the request for injunctive relief. ECF No. 7. On March 19, 2026, the district judge converted the request for a TRO into a motion for a preliminary injunction and ordered:

> (1) respondents are ORDERED to immediately release petitioner from respondents' custody on the same conditions he was subject to immediately prior to his 1/22/2026 re-detention;
>
> (2) respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden to demonstrate a change in circumstances justifying petitioner's re-detention
>
> ECF No. 8.

The matter was then referred to the undersigned for further proceedings. The undersigned has evaluated the petition, the parties' arguments, and the record in this case. The Court finds, for the reasons addressed in the district judge's order, ECF No. 8, and under Ninth Circuit authority,

Petitioner is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a). See Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026) (holding that "aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)."). The undersigned finds that Petitioner's detention without notice or a pre-deprivation bond hearing violated the Due Process Clause of the Fifth Amendment. Therefore, the undersigned recommends the petition be granted.

As to respondents' motion to dismiss all named respondents besides Petitioner's immediate custodian (ECF No. 6) the Ninth Circuit has "affirm[ed] the application of the immediate custodian and district of confinement rules to core habeas petitions filed pursuant to 28 U.S.C. § 2241, including those filed by immigrant detainees." Doe v. Garland, 109 F.4th 1188, 1199 (9th Cir. 2024). Therefore, the undersigned recommends the motion to dismiss improper respondents be granted.

Based on the foregoing, the undersigned RECOMMENDS that:

1. The petition for writ of habeas corpus (ECF No. 1), be GRANTED;
2. The terms of the preliminary injunction (ECF No. 8) be made permanent; and
3. The motion to dismiss improper Respondents (ECF No. 6), be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **7 days** after being served with these findings and recommendations, any party may file written objections with the Court. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 17, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE